liPATRICK J. McCABE, Judge, Pro Tempore.
The defendant-appellant, Louisiana, through the Department of Transportation and Development (“DOTD”), appeals the judgment of the trial court finding it negligent and ordering it to pay damages to the plaintiff-appellee, Tammie Jo Boykin. We affirm.
ISSUES
The issues presented are:
(1) Whether the trial court erred in finding that appellant had prior actual or constructive knowledge of the particular defect which caused the damage, and
(2) Whether the trial court erred in finding appellant’s conduct to be a legal cause of the accident.
JzFACTS AND PROCEDURAL HISTORY
On April 3, 1987, at approximately 6:05 p.m., Clyde Lindsey was driving westbound on Airline Highway. As Mr. Lindsey approached the intersection of Airline Highway and North Howard Avenue, the traffic signal facing his path of travel displayed a red light. At the same time, a pedestrian, Tammie Jo Boykin, started to cross Airline Highway at the North Howard intersection. The traffic signal at the intersection displayed a green light favoring the path of travel undertaken by Ms. Boykin. Mr. Lindsey ran the red light and struck Ms. Boykin.
Ms. Boykin suffered multiple injuries, requiring five months of hospitalization, with a prolonged period in intensive care. Her principal injury was a severe brain injury, which rendered her permanently a functional mental retardate and left her with permanent partial paralyses of a significant portion of the left side of her body. She was incapable of caring for herself and her two children *1102 and required attendant care. She was cared for by her mother and other family members at her mother’s house. Ms. Boykin remained alive for over five years after the accident, after which time, at the age of 25, she burned to death in a fire.
Subsequently, plaintiff Boykin filed suit against a number of parties. At the time of trial, the only defendant remaining in the suit was the DOTD. Plaintiff alleged that the DOTD was liable due to the fact that the traffic signal at the intersection was defective and caused her injuries.
The trial court conducted a trial on the merits and found the DOTD liable to plaintiff. The trial judge found DOTD was negligent in not timing the traffic signal at the intersection to give a pedestrian sufficient time to cross the highway. Furthermore, the trial judge found that DOTD had prior knowledge of the defective condition of the timing of the traffic signal for pedestrian use. The trial court found Mr. Lindsey to be 60 percent at fault and DOTD to be 40 percent at jgfault in causing plaintiffs injuries and awarded damages in the amount of $1,358,-212. The damages were broken down as follows:
General Damages.$900,000
Medical Expenses.$134,812
Attendant Care Expenses.$323,400
It is from this judgment the defendant appeals.

STANDARD OF REVIEW

A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” The Louisiana Supreme Court has announced a two-part test for the reversal of a factfinder’s determination: “1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and 2) the appellate court must further determine that the record establishes that the finding is clearly wrong....” Stobart v. State of La., Through Dep’t of Transp. and Dev., 617 So.2d 880 (La.1993) (citation omitted).
ISSUE ONE — LAW AND ANALYSIS
The threshold issue in this matter is whether DOTD had the requisite “actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence ...,” as required by La.R.S. 9:2800(B). Appellant contends the trial court erred in finding DOTD had such notice since DOTD had never received any prior complaints about the intersection, nor had there been any other pedestrian accidents at this intersection.
The trial court found that DOTD was negligent in not timing the traffic signals at this intersection to give pedestrians sufficient time to cross the highway or in not providing alternative pedestrian signals which would have provided sufficient crossing time.
pBefore 1983, the signals at this intersection were controlled by a timer. This timer was set to provide traffic crossing Airline Highway, including pedestrians, a constant 16 seconds to cross. In 1983, DOTD replaced these timers with an actuator system in which the number of cars waiting at the light at North Howard controlled the length of the light. At trial, Duaine Evans, expert traffic engineer for appellee, and Andrew Ramisch, expert traffic engineer for appellant, as well as Mr. Boyd Gautreaux, the DOTD engineer in charge of this intersection, all testified that the Manual on Uniform Traffic Control Devices Section 4C-12 required consideration of pedestrians at intersections using traffic-actuated signals. Mr. Gautreaux further testified that the timing of this signal was set solely for the smooth flow of vehicular traffic on Airline Highway and that DOTD did not consider pedestrian operations, in spite of the fact that DOTD knew that many pedestrians crossed here to board eastbound Airline Highway buses.
In his Reasons for Judgment, the trial judge stated that “The Court finds that the DOTD had notice of the improper timing of the signals since the DOTD itself specified the signal timing and consciously chose to ignore the requirements of the Manual it was legally bound to adopt.” This Court is inclined to agree with the reasoning of the trial court and rejects appellant’s contention that DOTD did not have prior notice of this unsafe condition because there were no previous complaints or accidents. DOTD deliber *1103 ately chose not to take pedestrian crossing time into account when setting the timing on the traffic signals at an intersection with a significant amount of pedestrian traffic. This was an act of negligence and DOTD consciously did it. The notice requirement is satisfied when appellee proves that DOTD did what it knew or should have known was substandard. It would be counterproductive to public safety to require that an accident occur before DOTD is imputed with notice of its own conscious negligent acts.
JsAccordingly, we conclude that the trial court did not err in finding DOTD had knowledge of the dangerous condition prior to the occurrence of the accident.
ISSUE TWO — LAW AND ANALYSIS
Appellant also alleges the trial court erred in finding its conduct to be a legal cause of the accident. DOTD asserts that Mr. Lindsey, as the driver of the car that ran the red light and struck appellee, was solely at fault in causing the accident.
Mr. Robert Swint, an expert in accident reconstruction and human factors, spent hours observing the intersection and testified that the variable light timing would very often leave pedestrians with insufficient time to cross with the light. In his Reasons for Judgment, the trial judge stated how impressed he was with Mr. Swint’s testimony and concluded:
A pedestrian experienced in crossing at this corner, as Tammie Jo Boykin was, would know this and know that she had no place to stop in the middle. Because of this, she would have to shift her attention away from observing the westbound traffic where the real danger of oncoming traffic lay, to the eastbound traffic even while she was still in the westbound lanes....
Mr. Swint explained and the court agrees that this forced shift of attention away from westbound traffic with the resulting inability to concentrate on that traffic was a substantial cause of the accident.
The trial court went on to conclude:
The Court finds that the short time allotted to Miss Boykin to cross forced her to assume that the Lindsay [sic] vehicle would stop since she could not wait to see if it did stop.... The Court further finds if Miss Boykin had been given sufficient time to observe traffic before proceeding, she would have been in a position to avoid this accident and most likely would have.... It is, therefore, an inescapable conclusion that the insufficient time allowed to cross was the crucial factor in preventing her from protecting herself from being struck.
Thus, the trial court found Mr. Lindsey’s actions to be a foreseeable, concurrent cause, rather than an intervening cause. The fact that more than one 1 (¡party can contribute to the harm is the reason for our comparative fault system. Campbell v. La. Dep’t of Transp. & Dev., 94-1052 (La. 1/17/95), 648 So.2d 898. The trial court applied the principles of comparative fault and determined DOTD to be 40 percent at fault. We cannot say the trial court was clearly wrong in this finding.
Accordingly, the judgment of the trial court is hereby affirmed. All costs of this appeal are to be assessed against the appellant.

AFFIRMED.

GAUDIN, J., concurs.